IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WILSON DENT, | : | Civil No. 1:25-CV-00500 |
| Plaintiff, | : | |
| v. | : | |
| OFFICER MARVIN FRITTS, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a complaint filed by Robert Wilson Dent ("Plaintiff"), an inmate currently housed at the State Correction Institution Forest at Marienville, Pennsylvania ("SCI-Forest"), and a motion to supplement that complaint. (Docs. 1, 4.) Plaintiff also filed a motion to proceed in this action *in forma pauperis*. (Doc. 7.) The court will grant the motion to proceed *in forma pauperis*, screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss the complaint, grant Plaintiff leave to amend his complaint, and dismiss the motion to supplement the complaint as moot.

### PROCEDURAL BACKGROUND AND HISTORY

Plaintiff initiated this action by filing a complaint with the court in March of 2025. (Doc. 1.) This complaint raises multiple constitutional claims against the arresting officer, police department, county, and warden at SCI-Forest alleging that his arrest in Clinton County was not based on probable cause, rendering his

1

underlying criminal conviction in Clinton County invalid. (*Id.*) Plaintiff is ultimately requesting release from state custody and monetary damages. (*Id.*, p. 10.) On April 7, 2025, Plaintiff filed a motion to supplement his complaint. (Doc. 4.) This supplement attempts to add a paragraph stating that the named defendants are sued in their individual and official capacities. (*Id.*)

On June 2, 2025, the court also received and docketed a motion to proceed *in forma pauperis*. (Doc. 7.) The supporting prisoner trust fund account statement was not received until June 12, 2025. (Doc. 10.) The court will now address the pending motions and screen the complaint.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred in Clinton County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for

dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment

3

would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

Plaintiff's complaint alleges an unconstitutional conviction and imprisonment. (Doc. 1.)

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held the following:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing a relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 486-87 (footnotes omitted). Plaintiff's complaint has not alleged that the underlying conviction or sentence has been invalidated. Therefore, without such an allegation, the complaint must be dismissed. The court will dismiss the

complaint without prejudice to allow Plaintiff an opportunity to file an amended complaint that addresses the invalidation of the underlying criminal case.

In the event that Plaintiff is instead seeking to invalidate his underlying criminal conviction following the exhaustion of state remedies, the appropriate course of action is the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## CONCLUSION

For the above stated reasons, the court will grant Plaintiff's motion to proceed *in forma pauperis*, dismiss the complaint for failing to allege a claim for which relief may be granted, grant Plaintiff leave to file an amended complaint, and deny the motion to supplement the complaint as moot.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: August 20, 2025